[Civ. No. 2326. Fourth Appellate District.—August 24, 1939.]

LILLIAN LOVELL, Respondent, v. J. E. PARRISH et al., Appellants.

D. L. Ault, City Attorney, and J. H. McKinney and Harry S. Clark, Deputies City Attorney, for Appellants.

C. H. Van Winkle and R. F. Gusweiler for Respondent.

HAINES, J., *pro tem.*—The following statement of the facts involved in this proceeding is conceded by the respective parties to be correct: Rolfe Lovell, a fireman of the San Diego Fire Department married the petitioner and respondent herein in the year 1903. In 1919 said Rolfe Lovell was

retired on a pension from the fire department. On February 18, 1929, petitioner and respondent was granted a final and absolute decree of divorce from the said Rolfe Lovell at Reno, Nevada; and on the same day that her final decree of divorce was granted, she was married to a man by the name of McAndrews and lived with him as his wife until the time of his death on April 21, 1937. After the death of McAndrews, petitioner and respondent herein, on July 19, 1937, again married Rolfe Lovell and lived with him as his wife until the time of his death on March 12, 1938. All of these facts were stipulated to be true by the petitioner and defendants herein.

Section 184, article XI of the City Charter of San Diego relating to the administration of a trust fund in the city treasury "for the benefit of the members of the San Diego Fire Department and to be known as the 'Firemen's Relief and Pension Fund'," in so far as it need be here considered, has at all of the times with which we are here concerned, provided as follows:

"(a) Whenever any person who shall have been duly appointed, selected or sworn, and shall have served for twenty years or more in the aggregate as a member in any rank or capacity of the regularly constituted force, or any department of said force provided for by this Article, the Board of Trustees shall upon the written request of any person, or his guardian, or without such request if it deem it for the good of the service, retire such person from further service in the Fire Department; and from the date of making such order, the service of such person shall cease, and the person so retired shall thereafter during his lifetime be paid from the regular funds of the Firemen's Relief and Pension Fund a yearly pension equal to one-half the amount attached to the rank held by him for one year or more previous to the time of his retirement.

"(b) Upon the death of said pensioner, one-third of the amount of his annual salary shall be paid to his widow until she remarries . . . ; provided, however, if such pensioner was pensioned under subdivision (a) of this section . . . the widow shall not be entitled to any pension unless she was married to said pensioner three years previous to the time of such retirement."

Appellants, who are, under the charter, the board of trustees in charge of said fund, declined to recognize respondent

as entitled under the charter provisions quoted to a pension out of said fund and refused to pay her such pension as Lovell's widow, whereupon she applied to the trial court for a writ of mandate requiring them so to do and, after issue joined and trial had, obtained judgment peremptorily awarding her such writ. From this judgment the members of the said board prosecute the present appeal.

Manifestly, in order to establish her right to a pension, respondent must, under the terms of the charter, show that "she was married to said petitioner 3 years previous to the time of his retirement." We do not think that this provision could reasonably be so construed as to be satisfied by proof that she merely went through some valid marriage ceremony with the pensioner at some date 3 years or more prior to the date of his retirement. Manifestly, it requires her to have been his wife over a period of not less than three years prior to that time. Thus far, we presume that there will be no disagreement. The question is whether the charter contemplates that the period of married life of not less than three years must have been a continuous one up to and including the date of the pensioner's death. We have no hesitation in answering that question in the affirmative. There can be no doubt that had Lovell died at any time between the date of his retirement in 1919 and the date at which respondent secured her divorce from him, respondent would, under the charter, have been entitled to the pension. In fact, however, she secured the divorce which became absolute. "The effect of a judgment decreeing a divorce, is to restore the parties to the state of unmarried persons" (Civ. Code, sec. 91). Again, in section 132 of the Civil Code it is provided that a "final judgment shall restore them" (that is the spouses) "to the status of single persons, and permit either to marry after the entry thereof". As was said by Chief Justice Field in *Barber* v. *Barber,* 16 Cal. 378:

"With the dissolution, the obligations arising from the marriage are completely discharged, and the parties stand in the same position as though such marriage had never been contracted."

If these enactments and this language mean anything at all, they mean that there remains no legal relation between the former husband and the former wife whatever; that all relation between them has been completely severed and terminated and not merely suspended. What is wholly non-

existent is not susceptible of being revived. If the pensioner had died after respondent divorced him, even while she still remained unmarried, it is too plain for discussion that respondent would not have been his widow and could not possibly have claimed to be one of the class of persons entitled under the above-quoted language of the charter to pensions. Even if she could, in these circumstances, have claimed to have been Lovell's widow, however, her right to the pension would, under the express language of the charter, have continued only "until she remarries", and have been instantly terminated by her marriage to McAndrews. In our opinion, therefore, no vestige of her claim to a pension in the event of Lovell's death at that time remained to her. All possibility of such a claim based on her original marriage to the pensioner and the continuance of such marriage status for three years prior to the time of his retirement had by her own acts been utterly extinguished beyond all possibility of revival.

What then shall we say was the effect of her remarriage to Lovell after McAndrews' death and her continuance in such remarried state from that time until his death somewhat less than eight months thereafter? We think it clear that so far as investing her with any rightful pension is concerned it had no effect whatever. Inasmuch as her rights resulting from her original marriage status are wholly gone she could only found any new rights that she might claim upon her remarriage to Lovell if followed by a continuance of such remarriage status for a period of three years prior to his retirement, followed by his death while such remarriage status still persisted. This, however, is impossible for two reasons: first, because he had already retired before her remarriage to him occurred; and second, because his death occurred within eight months after such remarriage. It seems clear to us that she has no claim to any pension.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 23, 1939.