**Floyd HUGGINS, Appellant,**

v.

**Lang KINSEY, Appellee.**

No. 14573.

Court of Civil Appeals of Texas.

San Antonio.

March 22, 1967.

Rehearing Denied April 19, 1967.

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellant.

Yates & Yates, Schulz & Hanna, Abilene, for appellee.

KLINGEMAN, Justice.

Writ of error from a default judgment rendered in the District Court of Kimble County, Texas, against appellant, a resident of the State of Kansas, in an automobile accident personal injury case. Appellee filed suit in the District Court of Kimble County for injuries alleged to have been sustained by him as a result of an automobile collision in Kimble County involving a car being driven by appellant. Appellee's petition alleged that appellant was a resident of the State of Kansas. A "Non-Resident Notice" under the provisions of Rule 108, Texas Rules of Civil Procedure, was personally served on appellant in Johnson County, Kansas, but no other citation was ever served upon him. Appellant filed no answer and made no appearance of any kind in said suit. Default judgment was thereafter rendered in said case against appellant in the amount of $15,000.00.

Appellant contends that no valid process in said cause was ever issued or served upon him; that the court did not acquire jurisdiction over the person of appellant by reason of such "Non-Resident Notice"; and that the trial court erred in rendering judgment against appellant because the court had no jurisdiction over the person of appellant and no power to render judgment against him. Appellant contends that the landmark case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, by the Supreme Court of the United States is controlling in this case. Appellee maintains that Pennoyer v. Neff has been so modified and "whittled down" by subsequent decisions of the Supreme Court, including Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; and McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, that it does not apply in the case before us. These cases involve the construction of certain state statutes providing for methods of service upon non-residents, chiefly of the nature of our Non-Resident Motorist Act, Art. 2039a Vernon's Ann.Civ.St., and our so-called "long arm" statute, Art. 2031b, Vernon's Ann.Civ.St., although Milliken v. Meyer was a suit in a Wyoming court between two citizens of Wyoming, but where notice of the suit was served upon the defendant in Colorado. The Supreme Court in that decision held that the authority of a state over one of its citizens is not terminated by the mere fact of his absence from the state, and that domicile in a state is alone sufficient to bring an absent defendant within reach of a state's jurisdiction for purpose of a personal judgment by means of appropriate substituted service. Pennoyer v. Neff has been followed by our Texas Supreme Court in York v. State, 73 Tex. 651, 11 S.W. 869;

August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S.W. 303; and Horst v. Lightfoot, 103 Tex. 643, 132 S.W. 761. Appellee cites no Texas cases overruling these decisions.

 Appellee concedes that he could have obtained jurisdiction over appellant by service of process under the provisions of our Non-Resident Motorist Statute, Art. 2039a, supra, but instead he chose to utilize the provisions of one of our Rules of Civil Procedure, No. 108, to obtain service on the non-resident. The case of Bonanza, Inc. v. Lee, 337 S.W.2d 437 (Tex.Civ.App. 1960, no writ), was a personal injury suit arising out of an automobile collision involving service of process on a non-resident under Rule 108, T.R.C.P. The Court held that the part of Rule 108 which provides for service on a defendant who is a non-resident of this State will not lend validity to plaintiff's personal judgment against defendant, and that service in the State of Oklahoma on a non-resident defendant would not support a personal judgment. The case of Roumel v. Drill Well Oil Co., 5 Cir., 270 F.2d 550, involves an action brought in a Texas court against a non-resident of the State of Texas, in which citation was issued and served on the non-resident under the authority of Rule 108, T.R.C.P. The United States Court of Appeals, Fifth Circuit, stated that it is clear that Texas had not attempted by Rule 108 of its Rules of Civil Procedure to vest jurisdiction in its courts to render personal judgments against non-residents, and held that service under Rule 108 gave the court no jurisdiction to render personal judgment against the defendant. In a recent Texas case involving service on a non-resident under Rule 108, the Court held that where appellant's cause of action was in personam, citation under Rule 108 did not bring such non-resident before the court so that a personal judgment could be rendered against him, and cited Pennoyer v. Neff

as its authority therefor. Henry v. Reno, Tex.Civ.App., 401 S.W.2d 118, writ ref'd n. r. e.

Appellant, having now appeared to attack the judgment,[1] is presumed to have entered his appearance to the term of the court at which the mandate shall be filed. Rule 123, T.R.C.P. The default judgment against appellant is reversed and set aside, and the cause remanded to the trial court for a new trial.

---

1. Appellant did not make any special appearance as is authorized by Rule 120a, Texas Rules of Civil Procedure.