Catherine Ann SCOTT, Appellant,

v.

Stephen William SCOTT, Appellee.

No. 16871.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 21, 1977.

Floyd H. Christian, Jr., Angleton, for appellant.

Jimmy Phillips, Jr., Angleton, for appellee.

PEDEN, Justice.

Stephen Scott brought this Texas suit for divorce and child custody. His wife, Catherine Scott, had recently moved back to California, and she had initiated a similar suit there. After a hearing, the Texas trial court overruled Mrs. Scott's motion to the jurisdiction and denied her plea in abatement. She perfected this appeal from the subsequent judgment granting the divorce and awarding custody of the child to the husband. Her position is that the Texas court lacked personal jurisdiction over her and that it should have stayed the proceedings in deference to the previously filed California action.

We hold that the record does not show that the trial judge erred.

We summarize the agreed statement of facts filed by the parties.

1. The parties and their minor son moved from California to Texas on 11–22–75 and resided in Angleton, Brazoria County, Texas, until 2–4–76. On that date the parties separated and Mrs. Scott returned to California with the child.

2. Mr. Scott filed suit for divorce in Brazoria County on 2–5–76 in cause # 63,636 and sought custody of the child and a division of community property. Process was served on Mrs. Scott in California.

3. Mrs. Scott filed suit for divorce in Riverside County, California, on 2–6–76 and sought custody of the child, support for the child and herself, division of property and attorney's fees. Process was served on Mr. Scott in Texas.

4. Mrs. Scott filed a special appearance in the Texas suit to present a motion to the jurisdiction and a plea in abatement. After a hearing, judgment was entered on 5–13–76 overruling the motion to the jurisdiction but dismissing Mr. Scott's suit under these terms:

"Upon the evidence, agreements and arguments of counsel presented in behalf of Respondent's Original Plea in Abatement this Court finds that the parties, Stephen William Scott and Catherine Ann Scott established Brazoria County and the State of Texas as their domicile and residence on November 22, 1975; that as of the date of filing of the Original Petition for divorce on February 5, 1976 the Petitioner, Stephen William Scott did not have the length of residence and domicile required in order to maintain a divorce action."

5. On 5–4–76 Mr. Scott filed an affirmative response in the California suit, seeking a divorce, custody of the child, and other relief.

6. On 6–3–76 he filed the instant cause in Brazoria County, seeking a divorce, custody of the child, child support, and other relief. Process was served on Mrs. Scott in California.

7. At that time, Mrs. Scott's California suit was still pending and temporary orders then in effect awarded custody to her, ordering Mr. Scott to pay child support and granting visitation rights to him.

8. On 7–6–76 Mrs. Scott filed a special appearance to present a motion to the jurisdiction and a plea in abatement in this proceeding. At the hearing held on 7–30–76, the trial judge took judicial notice of California Civil Code Sections 4350, 4351, 4355, 4357, 4358, 4370, 4371, 4380, 4501, 4506, 4507, 4508, 4514, 4600, 4700, 4800, 4801, 5107, 5108, 5110, and California Code of Civil Procedure Section 415.40. He also took judicial notice of California case law as presented by *Lovell v. Parrish*, 34 Cal.App.2d 323 [93 P.2d 166] (1939). (Its only relevance, so far as we can determine, is its holding that under California law a final divorce decree terminates the relationship between the parties.) Authenticated copies of the record in the California suit were admitted in evidence. The court also admitted in evidence and took judicial notice of his court clerk's file in Mr. Scott's earlier suit, cause # 63,636, and a copy of Section 4530(a), California Civil Code, which contained this provision:

"Residence Requirements.—Plaintiff or defendant must have been resident of state for six months, and of county for three months, next proceeding commencement of action."

9. A bill of exceptions shows the arguments made concerning the taking of judicial notice.

10. On 8–30–76 the Texas Court entered an order containing this provision:

"It further appearing to the Court, and the Court so finds that Respondent's Original Plea in Abatement is in the nature of a Motion to Stay the proceedings in this cause pending final determination of Case No. D–19,353, styled: "In re the Marriage of Catherine Ann Scott and Stephen William Scott", in the Superior Court of California County of Riverside; that the Petitioner, Stephen William Scott and the Respondent, Catherine Ann Scott, established Brazoria County, Texas, as their domicile and residence on November 22, 1975; that Respondent, Catherine Ann Scott, at the time of filing a Petition for dissolution of marriage on February 6, 1976, in Case No. D–19,353, as aforesaid, did not satisfy the domicile and residency requirements of the State of California; and that Respondent's Original Plea in Abatement should be denied.

"It is therefore Ordered that Respondent's Original Plea in Abatement be, and the same is hereby denied."

11. The public statutes and case law of California as presented by Mrs. Scott are incorporated by reference as facts proved at the 7–30–76 hearing.

12. On 7–30–76 the parties' minor child resided in California with Mrs. Scott.

13. The parties to the different suits are the same.

14. As of 7–30–76 the California suit was set for 10–28–76 and all pre-trial matters had been completed.

15. All property owned by the parties was personal property located in Texas and California.

16. The record of the California case admitted into evidence in the Texas hearing "is included in the transcript of this proceeding and is incorporated herein by reference as proof of the matters stated in such record as if fully set forth herein.

■ The appellant's first point of error is that the court erred in overruling her motion to the jurisdiction because she lacked the requisite minimum contacts with the

State of Texas. In contesting the jurisdiction of the court by special appearance under Rule 120a, Texas Rules of Civil Procedure, the appellant had the burden of pleading and proving that she was not amenable to process issued by the courts of Texas. *Hoppenfeld v. Crook*, 498 S.W.2d 52 (Tex. Civ.App.1973, writ ref. n. r. e.).

■ The parties' marital cohabitation in Texas from November 22, 1975 until February 4, 1976, clearly brings appellant within the Texas long-arm jurisdiction under § 3.26(a)(1) of the Texas Family Code. That section states:

"(a) If the petitioner is a resident or a domiciliary of this state at the commencement of a suit for divorce, . . . the court may exercise personal jurisdiction over the respondent, . . .. Although the respondent is not a resident or a domiciliary of this state if:

(1) this state is the last state in which marital cohabitation between petitioner and the respondent occurred and the suit is commenced within two years after the date on which cohabitation ended; or

(2) . . .

(b) . . .

Application of this section is constitutionally limited by due process requirements that:

"in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mitchim v. Mitchim*, 518 S.W.2d 362, 366 (Tex.1975).

■ The appellant was able to present little competent evidence to support her allegations of a lack of minimum contacts with the State of Texas. She relies on information contained in the record of the California proceedings. Even though that record was formally introduced, little of it was competent evidence to establish in the Texas court the matters on which she relies.

A judicial record is always admissible to prove the fact that a judgment has been rendered, the time of its rendition and the terms and effect of the judgment . . . the record may not be introduced to establish the facts on which a judgment was based. *Adams v. State Board of Insurance*, 319 S.W.2d 750, 754 (Tex.Civ.App.1958, writ ref. n. r. e.), citing 32 C.J.S. Evidence § 636, 488–489 (at p. 808 in 1964 ed.). Neither the allegations in Mrs. Scott's California pleadings, her affidavits, nor her letters were competent evidence of the truth of the matters stated in them.

■ The only evidence contained in the California record which falls within an exception to the hearsay rule is appellee's sworn pleading stating that "petitioner [Mrs. Scott] has been a resident of this state [California] for at least six months and of this county for at least three months immediately preceding the filing of this petition." Pleadings in other actions that contain statements inconsistent with the pleader's present position are receivable as admissions. 2 McCormack & Ray, Evidence 35, § 1145 (2d ed. 1956).

■ This one piece of negative evidence was not binding on Mr. Scott as a judicial admission nor was it binding on the trial court as proof that Mrs. Scott was never domiciled in Texas, nor that she did not have the requisite minimum contacts with this state. We have noted that the agreed statements of facts recites that the parties resided in Texas for nearly 2½ months immediately prior to separation. We cannot say as a matter of law that the appellant met her burden of proving a lack of sufficient contacts with the State of Texas to allow the Texas court to assert personal jurisdiction over her.

Appellant's second point of error is that the trial court abused its discretion in denying her plea in abatement because a prior and virtually identical suit was pending in California, where it was uncontested that she had satisfied residency requirements. The Texas court found that Mrs. Scott's motion was in the nature of a motion to stay the proceedings but that she had not

satisfied the California domicile and residence requirements.

 The general rule on comity is:

"While . . . the pendency of a prior suit involving the same parties and subject matter strongly urges the court of the local forum to stay the proceedings pending determination of the prior suit, yet the rule is not mandatory upon the court nor is it a matter of right to the litigant. It is, after all, a matter resting within the sound discretion of the court." *Mills v. Howard*, 228 S.W.2d 906, 908 (Tex.Civ.App.1950, no writ).

In our case the parties and subject matter were identical in both suits, and the California Court had already issued temporary orders. Appellant relies on *Evans v. Evans*, 186 S.W.2d 277 (Tex.Civ.App.1945, no writ) which involved a somewhat similar fact situation. In that case the court said, in dicta, that if the allegations of the wife were found to be true, a refusal to stay the proceedings would amount to an abuse of discretion; there, however, the husband had invoked the jurisdiction of the Ohio court by filing suit in that state and had then moved to Texas and filed a second one.

In denying the motion to stay the proceedings, the Texas court found that both parties had established Brazoria County, Texas as their domicile and residence on November 22, 1975 and that Mrs. Scott had not satisfied the California domicile and residency requirements when she filed her cause on February 6, 1976.

 The Texas court took judicial notice of the California divorce statutes concerning residency requirements, but had to look to Texas interpretations, since no interpretive California case law on residency was submitted. *Gunther v. Gunther*, 478 S.W.2d 821 (Tex.Civ.App.1972, writ ref. n. r. e.). The agreed statement of facts says that appellant resided in Texas until her return to California on February 4, 1976. Since a divorce action is quasi in rem, the California court would attain divorce jurisdiction over the marriage when appellant alone became a domiciliary of California. *Dosamantes v.*

*Dosamantes*, 500 S.W.2d 233 (Tex.Civ.App. 1973, writ dism.). The provisions of the Texas residency statute are not jurisdictional, but merely prescribe the necessary residential qualifications for bringing a divorce action. *Aucutt v. Aucutt*, 122 Tex. 518, 62 S.W.2d 77 (1933); *Schreiner v. Schreiner*, 502 S.W.2d 840, 842 (Tex.Civ.App.1973, writ dism.). The California court also had jurisdiction over both parties, since both had appeared.

 We have noted that although Scott affirmatively pleaded in California that his wife had met the statutory residency requirements, when that pleading is considered in the Texas suit it amounts to an admission but not to a judicial admission. It should be considered by the Texas court, but it is not determinative of the issue. The California case had not gone to final trial and decree when the Texas decree was entered, so the residency question had not been finally disposed of in that state.

Therefore the California court's residency determination was not entitled to full faith and credit, and the decision to deny Mrs. Scott's motion to stay the Texas proceedings rested within the sound discretion of the Texas court. We hold that the record does not show that the trial judge abused that discretion.

Affirmed.