**Sally A. FOX, Petitioner,**

v.

**Roy F. FOX, Jr., Respondent.**

**No. 12625.**

Court of Civil Appeals of Texas, Austin.

Nov. 16, 1977.

Rehearing Denied Nov. 30, 1977.

Mickey Wade, Curtis & Wade, Belton, for petitioner.

W. B. Phillips, Duncan, Bragg, Barron & Phillips, Killeen, for respondent.

PHILLIPS, Chief Justice.

We withdraw our opinion handed down November 2, 1977, and in lieu substitute the following opinion.

Petitioner, Sally Fox, is before this Court by writ of error brought to challenge a judgment of divorce rendered in favor of respondent, Roy F. Fox, Jr., by the district court in Bell County. Sally Fox was respondent and Roy Fox was petitioner in the court below.

The judgment of the trial court is affirmed in part and in part reversed and judgment is here rendered.

In a single point of error, petitioner contends that the court was in error in refusing to reform its judgment to exclude those portions regarding the managing conservatorship of the children, child support, and the division of the property located outside the state of Texas.

The facts of this appeal are as follows. Mr. Fox, while serving in the Army and stationed at Fort Hood, Texas, brought suit for divorce against Mrs. Fox, a resident at that time of Mount Gilead, Ohio. Fox's original petition was filed October 1, 1976. Mrs. Fox was served with personal service in Ohio; however, she did not answer or otherwise appear. On December 15, 1976, the district court rendered judgment in favor of Mr. Fox. The court in its decree of divorce appointed Mrs. Fox managing conservator of the children, set the child support, and divided the property of the parties, including that property located in Ohio.

Mrs. Fox then filed a special appearance on December 20, 1976. In her special appearance she objected to the exercise of jurisdiction by the district court over her person, over the property of the parties not located in Texas, and with respect to the setting of child support to be paid by Mr. Fox. She contended that neither the respondent nor the minor children named in the petition for divorce were ever residents of Texas and that petitioner was not domiciled in Texas nor had any intention of making Texas the state of domicile of the marriage or of the family. Mrs. Fox prayed that as a result of lack of jurisdiction over all aspects of the divorce proceeding, except the divorce itself, the district court should reform its decree so as to exclude all portions of the decree except the

actual divorce. No one has questioned the propriety and effect of petitioner's special appearance filed after judgment. As a result, that matter is not before this Court and is not considered.

A hearing on the motion to the jurisdiction was held by the district court on January 4, 1977. A motion for a judgment reforming the judgment rendered on December 15, 1976, was then filed by Mrs. Fox on January 19, 1977. The district court overruled the motion for judgment.

Petitioner contends that the evidence adduced at the hearing on her special appearance established conclusively that the court had no personal jurisdiction over her.

■ Respondent, however, contends that petitioner was cited by personal service pursuant to Rule 108 of the Texas Rules of Civil Procedure, which service was never contested by petitioner. Respondent also contends that petitioner did not contest the constitutionality of Rule 108 or question its applicability to divorce cases.

Rule 108, Tex.R.Civ.P., as amended, provides in part:

". . . A defendant served with such notice shall be required to appear and answer in the same manner and time and under the same penalty as if he had been personally served with citation within the State *to the full extent that may be required to appear and answer under the Constitution of the United States in an action in rem or in personam.*" (Emphasis added)

The italicized portion above was added by amendment in 1975. The stated purpose of the amendment was to extend *in personam* jurisdiction to the constitutional limits. See *U–Anchor Advertising, Inc. v. N. H. Burt, d/b/a Grant Lodge,* 553 S.W.2d 760 (Tex. 1977).

■ Similarly, Article 2031b, the Texas general long-arm statute, has been construed to be limited by the United States Constitution. The Texas Supreme Court has stated that "the Article reaches as far as the federal constitutional requirements of due process will permit." *U–Anchor Ad-*

*vertising, Inc. v. N. H. Burt, supra.* Therefore, Rule 108, like Article 2031b, must be construed with reference to the constitutional requirements of due process—namely "minimum contacts" and notions of fairness. *See generally International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Texas Supreme Court in *O'Brien v. Lanpar Co.,* 399 S.W.2d 340 (Tex.1966), concluded that three elements must exist to allow the assertion of jurisdiction over a nonresident: (1) "The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state"; (2) "the cause of action must arise from, or be connected with, such act or transaction"; and (3) "the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice . . ." See *U–Anchor Advertising, Inc. v. N. H. Burt, supra.*

On the Federal level, the United States Court of Appeals for the Fifth Circuit in *Products Promotions, Inc. v. Cousteau,* 495 F.2d 483 (5th Cir. 1974), noted that Federal decisions established a two-pronged test to determine whether a court may exercise its jurisdiction over a nonresident defendant within the requirements of due process. First, "there must be some minimum contact with the state which results from an affirmative act of the defendant." Second, "it must be fair and reasonable to require the defendant to come into the state and defend the action." *Cousteau* at 494. See *U–Anchor Advertising, Inc. v. N. H. Burt, supra.*

■ In the instant case, although Rule 108 may be construed as a long-arm statute by which personal jurisdiction may be obtained, it is evident that there were no contacts between petitioner and this state. Petitioner neither availed herself nor submitted herself to the jurisdiction of this state. Simply stated, petitioner did nothing in Texas and therefore, the district court wrongfully asserted *in personam* jurisdiction over her.

**410**

As to the divorce itself, the district court did have jurisdiction to dissolve the marital relationship between petitioner and respondent since it was an *in rem* proceeding. Divorce jurisdiction is extended to Texas courts regarding military personnel stationed in the state meeting certain requirements, pursuant to Tex.Family Code Ann. § 3.23 (1975). Even though the spouses are domiciled in different states, a Texas court may grant an *ex parte* divorce under sec. 3.23 if one of the parties falls within the statute. *See generally Williams v. North Carolina,* 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942); *Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945). Under these circumstances a court may even divide property within its jurisdiction. In the absence of *in personam* jurisdiction, however, a court may not enter an order binding on both parties regarding such matters as division of property outside the state, alimony, and other decrees involving personal obligations. Resolution of these latter issues depends on the court having personal jurisdiction over both parties. See *Estin v. Estin,* 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); *Vanderbilt v. Vanderbilt,* 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957); Sampson, *Jurisdiction in Divorce and Conservatorship Suits,* 8 Tex.Tech.L.Rev. 159, 163 (1976).

Inasmuch as the court had jurisdiction to dissolve the marriage and to order the respondent to pay child support, the court properly refused to alter its judgment as to these matters. However, the court should have excluded those portions regarding the managing conservatorship of the children and the division of the property located outside this state. The judgment, therefore, is void as it relates to these matters.

The judgment insofar as it dissolves the marriage and provides for child support is affirmed; however, we reverse the remaining portion of the judgment, and render judgment holding for naught those portions of the judgment regarding the managing conservatorship of the children and the division of the property located outside this state.

The judgment of the trial court is affirmed in part and in part reversed, and as reversed judgment is here rendered.

Affirmed in Part and in Part Reversed and Rendered.