Ruth Marie COMISKY, Appellant,

v.

Benedict J. COMISKY, III, et al., Appellee.

No. 8368.

Court of Civil Appeals of Texas, Beaumont.

Feb. 7, 1980.

Robert P. Munger, Dallas, for appellant.

Joe D. Floyd, Dallas, for appellees.

DIES, Chief Justice.

Benedict J. Comisky III, appellee, brought suit for divorce in Dallas County against Ruth Marie Comisky, appellant, alleging he (appellee) resided in New Jersey, but also alleging he was "a domiciliary of this state for the preceding six months period and a resident of this county for the preceding 90 day period."

Appellee alleged that his wife, appellant, "resides at DYA Erlanger SACN–39, APO, New York."

In his original petition, appellee prayed that appellant be granted managing conservatorship of their two minor children, but later amended praying their custody be given him.

His wife, appellant, was served in Michigan but failed to answer on time; and, on October 18, 1978, appellee was given a default judgment which, in addition to a decree of divorce, gave appellee managing conservatorship of the children and a division of property not within Texas.

Appellant filed a motion for new trial and to set aside the judgment within thirty days of the default judgment, which the trial court refused because ". . . your motion for time limit is denied. . . ." *

*Tex. Family Code Ann. § 3.26* (Vernon Supp.1980) provides:

"(a) If the petitioner is a resident or a domiciliary of this state at the commencement of a suit for divorce . . . , the court may exercise personal jurisdiction over the respondent . . . although the respondent is not a resident or a domiciliary of this state if:

"(1) this state is the last state in which marital cohabitation between petitioner and the respondent occurred

---

\* *Tex.R.Civ.P. 329b(5)* provides (in part):

"The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision 1 of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered.

and the suit is commenced within two years after the date on which cohabitation ended; or

"(2) notwithstanding Subdivision (1) above, there is any basis consistent with the constitution of this state or the United States for the exercise of the personal jurisdiction.

"(b) A court acquiring jurisdiction under this section also acquires jurisdiction in a suit affecting the parent-child relation if Section 11.051 of this code is applicable."

In *Fox v. Fox*, 559 S.W.2d 407 (Tex.Civ. App.—Austin 1977, no writ), petitioner was before the court by writ of error, just as appellant is in the instant case. Her husband, while serving in the Army and stationed at Fort Hood, Texas, brought suit for divorce against petitioner, Mrs. Fox, a resident of Ohio. She was served in Ohio but failed to answer. The district court rendered judgment in favor of Mr. Fox. The court in its decree of divorce appointed Mrs. Fox managing conservator of the children, set the child support, and divided the property of the parties, including that property located in Ohio.

Mrs. Fox was served pursuant to *Tex.R. Civ.P. 108* as was our appellant, which Rule in part provides: ". . . to the full extent that he may be required to appear and answer under the Constitution of the United States in an action either in rem or in personam." Therefore, process on our appellant must be construed with reference to the constitutional requirements of due process. See *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *O'Brien v. Lanpar Co.*, 399 S.W.2d 340 (Tex.1966); *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953) (the latter case at 345 U.S. 534, 73 S.Ct. 843, 97 L.Ed. 1227 saying, "We find it unnecessary to determine the children's legal domicile because, even if it be with their father, that does not give Wisconsin . . . the personal jurisdiction that it must have in order to deprive their mother of her personal right to their immediate possession.")

In *Fox v. Fox*, supra at 409, the court said, "Simply stated, Petitioner did nothing in Texas and therefore, the district court wrongfully asserted *in personam* jurisdiction over her."

The court then concluded (citing cases) that the district court did have jurisdiction to grant the divorce since it was an in rem proceeding, but that it did not have jurisdiction to award custody (managing conservatorship) of the children or divide property outside the State of Texas. *Thornlow v. Thornlow*, 576 S.W.2d 697 (Tex.Civ.App.— Corpus Christi 1979, no writ), in no wise dilutes *Fox v. Fox*, supra, because in *Thornlow v. Thornlow*, supra, ". . . the evidence supports the trial court's implied finding that the children herein were domiciled in Texas . . . ." and "Second, even if the children were not domiciled in Texas, the children's physical presence before the court would justify the court's subject matter jurisdiction." (576 S.W.2d 700)

In *Zeisler v. Zeisler*, 553 S.W.2d 927, 929 (Tex.Civ.App.—Dallas 1977, writ dism'd w. o. j.), Chief Justice Guittard noted, ". . . the concept of extraterritorial jurisdiction over the person has been pushed further in contract and tort cases than in domestic-relations litigation." See also, *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), requiring "some act by which the defendant purposefully [availed himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." (Quoted in *Zeisler v. Zeisler*, supra at 929.)

We have none of the contacts and responsibilities in the instant case as were in *Zeisler v. Zeisler* (enumerated in 553 S.W.2d 929).

In our case there was no proof or allegation the marriage was celebrated in Texas; the children were not before the court, and there is no proof they had ever been in Texas. At the time of the decree they (the children) were in New Jersey, where appellee had a case on file to obtain

their custody. While he testified he was a "domiciliary" of Dallas, in New Jersey because of military service, appellant's attorney offered to dispute this but was not allowed to do so by the trial court.

The trial court's assumption of personal jurisdiction over appellant does offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* supra; *O'Brien v. Lanpar Co.,* supra; see also, *Tyee Construction Co. v. Dulien Steel Products, Inc.,* 62 Wash.2d 106, 381 P.2d 245, 251 (1963) (quoted in *Zeisler v. Zeisler,* supra at 929).

▪ As stated above, appellant has appealed by way of writ of error. This requires the invalidity of the judgment to be disclosed by the papers on file in the case. *Eagle Life Insurance Company v. George,* 473 S.W.2d 311, 313 (Tex.Civ.App.—Beaumont 1971, writ ref'd).

In *Fox v. Fox,* supra, the appeal was by writ of error, and in that case, as well as the instant case, the citation shows the defendant to have been served out of the state. When that situation prevails, constitutional requirements must be considered, for the Constitution is the "basic law to which all others must conform," 16 C.J.S. *Constitutional Law* § 3 at p. 23.

Due process applies to procedure as well as substantive law. 16A C.J.S. *Constitutional Law* § 569(1); "Rules of procedure, as well as statutes, have no greater effect than the requirements of due process permit." 16A C.J.S. *Constitutional Law* § 611 at p. 749.

In *Corliss v. Smith,* 560 S.W.2d 166 (Tex. Civ.App.—Tyler 1977, no writ), a former husband sought modification of a 1972 decree of divorce specifying visitation privileges with his two children who resided with their mother in Nebraska. The court held that, even though literal requirements of the long-arm statute were satisfied in that the former wife had lived with children in Texas, and the children were conceived in Texas, the former wife was not amenable to service under *Tex.R.Civ.P. 108* because:

"In determining whether due process requirements are met sufficient to confer jurisdiction, the factual context surrounding the entire situation is crucial. . . . The paramount consideration in a case involving the custody of a child is what would be in the best interests and welfare of the child. When the child has acquired a domicile in a foreign jurisdiction, the domicile of the child will be considered along with other facts in determining whether Texas courts will or should exercise jurisdiction." (560 S.W.2d 172)

From the meager statement of facts we have in this case, there is no way the trial court, or we, could determine what is in the best interest and welfare of these children.

▪ The respondent did not file a special appearance to contest the jurisdiction and did not file an answer. She has now appeared to attack this judgment and is presumed to have entered her general appearance to the term of court at which the mandate shall be filed. The judgment as to child conservatorship should be reversed and remanded to the trial court for a trial on its merits. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965); *Huggins v. Kinsey,* 414 S.W.2d 208 (Tex.Civ.App.—San Antonio 1967, writ ref'd), cert. denied, 390 U.S. 950, 88 S.Ct. 1040, 19 L.Ed.2d 1141.

The judgment of the trial court granting a divorce to petitioner is affirmed. All other provisions of the judgment are reversed and remanded for trial on the merits.

AFFIRMED in part; REVERSED and REMANDED in part.

CLAYTON, Justice, concurring.

I agree with Chief Justice Dies that the trial court in this case did not have in personam jurisdiction over this nonresident respondent and, therefore, did not have the necessary jurisdiction to hear or enter judgment as to conservatorship of the minor children. I further agree with his disposition of this appeal.

In personam jurisdiction of a non-resident respondent in divorce proceedings is obtain-

ed through the provisions of *Tex.Fam.Code Ann. § 3.26* (Vernon Supp.1980). This is a special statute governing jurisdictional requirements in divorce and parent-child relationship cases. It is clear that certain conditions must exist so as to confer personal jurisdiction. Such jurisdiction does not obtain in the absence of the conditions set forth in this statute.

In cases involving the question of personal jurisdiction in the absence of the prerequisite conditions it has been held that there must be pleading of the jurisdictional facts. In the absence of such pleadings, personal jurisdiction may not be obtained over the non-resident defendant. See *McKanna v. Edgar,* supra; *Gathers v. Walpace Co., Inc.,* 544 S.W.2d 169 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.).

To acquire personal jurisdiction over a non-resident defendant, pursuant to *Section 3.26* of the Family Code, the petitioner must plead the existence of the conditions of *Section 3.26(a)(1).*

The application of *Section 3.26* is constitutionally limited by due process requirements of certain minimum contacts within this state. *Mitchim v. Mitchim,* 518 S.W.2d 362, 366 (Tex.1975); *Scott v. Scott,* 554 S.W.2d 274 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). However, upon proper pleading of such jurisdictional conditions, the minimum contacts necessary for the exercise of jurisdiction under *Section 3.26* are present unless the non-resident proves otherwise. *Butler v. Butler,* 577 S.W.2d 501 (Tex.Civ.App.—Texarkana 1978, writ dism'd w. o. j.). In the case at bar, the petitioner did not plead the required condition set forth in *Section 3.26(a)(1)* of the Family Code, and, by reason thereof, the trial court did not obtain personal jurisdiction over the respondent and did not have jurisdiction over the matter of child conservatorship.

KEITH, Justice, concurring.

Although I agree with the result reached by the Chief Justice, I do not subscribe to all of the reasons assigned in support of the result. I join Justice Clayton in his analysis of the jurisdictional question presented by this record.