Henry Daniel HOFFMAN, III, Appellant,

v.

Shirley Darlene HOFFMAN, Appellee.

No. 2-91-094-CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 8, 1992.

H. Ownby, Plano, for appellant.

Harry F. Smith, Plano, for appellee.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION

HILL, Justice.

Henry Daniel Hoffman III appeals from the trial court's order sustaining the special appearance of Shirley Darlene Hoffman, the appellee, and dismissing his divorce action for want of jurisdiction.

In three points of error, Henry contends that the trial court erred by placing the burden of proof at the special appearance hearing on him and by sustaining the special appearance, because the evidence clearly showed that he was a domiciliary of the State of Texas and a resident of Denton County for ninety days prior to the filing of his petition, and because the pleadings and the evidence clearly showed that the court had jurisdiction.

We reform the trial court's order sustaining special appearance to provide that Shirley Darlene Hoffman's special appearance is sustained but that the cause is not dismissed, because we hold that the trial court has jurisdiction over the marital status of its citizens that is not defeated by its lack of personal jurisdiction over their spouses. We affirm the order as reformed and, because the order is therefore interlocutory in nature, we remand this cause for further proceedings.

Henry urges in point of error number one that the trial court erred by placing the burden of proof on him in the special appearance proceeding. It is true that the defendant making a special appearance in accordance with Rule 120a of the Texas Rules of Civil Procedure has the burden of

proof. *Estate of Griffin v. Sumner*, 604 S.W.2d 221, 227 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). However, our record does not reflect that the trial court placed the burden of proof on Henry as he now contends. Henry refers us to the trial judge's comment at the beginning of the hearing that the burden of proof was on him. Henry fails to point out to us the fact that the trial court, after lengthy arguments on the burden of proof question, took the issue under advisement. There is no showing that the trial court improperly placed the burden of proof. We overrule point of error number one.

Henry urges in point of error number three that the trial court erred in sustaining Shirley's motion to the jurisdiction of the court because the pleadings and the evidence clearly showed that the court had jurisdiction. Henry did not allege facts necessary to confer personal jurisdiction upon Shirley, and, in fact, argued to the trial court that he was only seeking *in rem* jurisdiction to grant a divorce. However, Henry asserts on appeal that the trial court has personal jurisdiction over Shirley based on TEX.FAM.CODE ANN. sec. 3.26(a)(2) (Vernon Supp.1992), which provides for personal jurisdiction if there is any basis consistent with the constitutions of this state and the United States for the exercise of the personal jurisdiction. Rather than urging any minimum contacts Shirley might have with Texas, Henry states that the trial court may exercise personal jurisdiction when the defendant's interest in protection against inconvenient litigation is considered in the light of other relevant factors, including the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. He relies on *Perry v. Ponder*, 604 S.W.2d 306, 314 (Tex.Civ.App.—Dallas 1980, no writ).

In *Ponder*, the court held that a trial court might exercise custody determina-

tions where the child is located within the state's borders but the defendant lacks minimum contacts, even though the court might lack such jurisdiction for the purpose of rendering a personal judgment enforcing or imposing affirmative duties on the nonresident. *Id.* at 314. We find nothing in that opinion that supports Henry's argument that a Texas divorce court might exercise personal jurisdiction over a nonresident defendant who does not have even minimum contacts with this state. Henry's reliance on the general principles cited in that case is incomplete by not including its discussion of the need for minimum contacts where a personal judgment might be sought. *Id.* He presents us with no other authority in support of his position. Also, as we have noted, his argument on appeal is contrary to his argument before the trial court.

■ We agree with Henry that the trial court has jurisdiction over the divorce. Where the trial court in a divorce proceeding has no personal jurisdiction over the respondent, the trial court has the jurisdiction to grant the divorce, but not to determine the managing conservatorship of children or divide property outside the State of Texas. *Comisky v. Comisky,* 597 S.W.2d 6, 8 (Tex.Civ.App.—Beaumont 1980, no writ). It may also lack jurisdiction to divide property within the state. *See Shaffer v. Heitner,* 433 U.S. 186, 212, 97 S.Ct. 2569, 2584, 53 L.Ed.2d 683 (1977). Therefore, the trial court erred in dismissing Henry's divorce petition for want of jurisdiction, even though it might not have jurisdiction to deal with the property of the parties. The special appearance should only have been granted to the extent of the trial court's recognition that it does not have personal jurisdiction over Shirley and therefore may not divide the property of the parties located outside the State of Texas and possibly that located within the State of Texas.

In support of her contention that the trial court properly dismissed the entire proceeding for want of jurisdiction, Shirley relies on *Comisky,* but an examination of the opinion in that case supports the result that we reach here. Her reliance on *Scott v. Scott,* 554 S.W.2d 274 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ) and *Fox v. Fox,* 559 S.W.2d 407 (Tex.Civ.App.—Austin 1977, no writ) are likewise misplaced, for there is nothing in either opinion that conflicts with our result here. As noted in *Scott,* a state has jurisdiction in a divorce action when one of the parties alone becomes a domiciliary of that state because the divorce action is *quasi in rem. Scott,* 554 S.W.2d at 278. In *Fox,* the court also noted the ability of the district court to award a divorce and divide property located within the state, even though the court might not have personal jurisdiction over the respondent, because those are *in rem* proceedings. *Fox,* 559 S.W.2d at 410. These authorities all show that TEX.FAM. CODE ANN. sec. 3.26 relates to obtaining personal jurisdiction over a nonresident respondent and does not in any way take away from the trial court's *in rem* jurisdiction to grant a divorce and divide property located within this state. Even though the United States Supreme Court in *Shaffer,* in some cases eliminated the distinctions between *in personam, in rem,* and *quasi in rem* as they relate to a state's ability to deal with the rights of nonresidents, the Court in that opinion appeared to recognize adjudications of status as an exception to the "minimum contacts" requirement of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Shaffer,* 433 U.S. 208 n. 30, 97 S.Ct. 2578 n. 30. *See also Perry,* 604 S.W.2d at 315.

■ As part of her special appearance, Shirley contended that Henry had not met the requirements of section 3.21 of the Texas Family Code because neither she nor Henry had been domiciliaries of Texas for six months prior to the date the suit was filed, nor had either been a resident of Denton County for the ninety-day period before the suit was filed. She presented some evidence to this effect at the hearing on her special appearance. Since there are no findings of fact and conclusions of law, we cannot determine if the trial court sustained Shirley's special appearance on this basis. If in fact Henry had not been a domiciliary of Texas or a resident of Denton County for the period of time required by section 3.21 of the Family Code, Shirley

would have been entitled only to present a plea in abatement and to have the lawsuit abated until such time as Henry met the requirements, at which time he would be entitled to file an amended petition showing compliance with those requirements. *See Svensen v. Svensen,* 629 S.W.2d 97, 98 (Tex.App.—Dallas 1981, no writ). We sustain point of error number three. In view of our determination of that point of error, we need not determine point of error number two.

We reform the trial court's order to reflect that Shirley Darlene Hoffman's special appearance is sustained in that the trial court does not have personal jurisdiction over her, but that the divorce action is not dismissed. We affirm the order sustaining special appearance as reformed and remand this cause for further proceedings.