**Fred HILT, Jr., Appellant,**

v.

**Martha E. KIRKPATRICK, Appellee.**

No. 5553.

Court of Civil Appeals of Texas, Waco.

June 30, 1976.

Rehearings Denied July 29, 1976.

Naman, Howell, Smith & Chase, Albert Witcher, Waco, for appellant.

Charles M. McDonald, Waco, for appellee.

HALL, Justice.

The appellant and the appellee were divorced on August 13, 1968, in the District Court of Kit Carson County, Colorado. Under the terms of the divorce judgment, the custody of their two children, a son born in 1964 and a daughter born in 1966, was awarded to the appellee. The appellant was granted reasonable visitation rights, including the right to have the children visit with him in Colorado six weeks of each year and on certain holidays. At the time of the divorce, the parties were residents of the State of Colorado, and both were before the court. In 1969 the appellee moved with the children to Texas, where they have since resided.

In June, 1975, the appellee brought this suit in McLennan County, Texas, the County in which she and the children reside, pleading the divorce decree and its terms, and seeking "for the best interest and welfare of the children" (1) that she be appointed managing conservator of the children, (2) a modification of the appellant's visitation rights which would limit him to visitation with the children only in the appellee's home, and (3) an injunction restraining the appellant from otherwise contacting the children or removing them from McLennan County, Texas. In response to these pleadings, the appellant filed a special appearance in compliance with Rule 120a, Vernon's Tex.Rules Civ.Proc., objecting to the jurisdiction of the Texas court over his person. In the plea he alleged that he is a resident of the State of Colorado, that he has not been served with process in Texas, that he is not amenable to any process issued under Texas law, and that the Texas Court accordingly lacked jurisdiction over his person. He moved for dismissal from the suit or for other "appropriate order."

The trial court sustained the special appearance as to the injunctive relief sought by the appellee and dismissed that phase of the case, but overruled the special appearance as to "all [other] matters raised by plaintiff's pleadings." The court then proceeded to hear the remaining questions raised by the appellee's petition. Without waiving his special appearance, the appellant participated in the trial. At the conclusion of the hearing, the court appointed the appellee managing conservator of the

children, reduced the number of weeks the appellant could have the children with him in Colorado each year, required the appellant to post a $25,000 bond with the court guaranteeing prompt return of the children from visits with him in Colorado, and required the appellant to pay all costs and expenses for transporting the children to and from Colorado. These orders are based on findings expressed in the judgment "that the circumstances of the children have materially and substantially changed since the entry of the custody and visitation orders" made by the Colorado Court and that "the visitation provisions of said orders are now inappropriate and unworkable." We reverse the order on the special appearance, but we affirm the remainder of the court's rulings.

In *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 843, 97 L.Ed. 1221 (1953) the court ruled that a parent's right to custody of a child is a personal right "far more precious to appellant than property rights" which cannot be affected without *in personam* jurisdiction over the parent. The appellant correctly asserts that Texas makes no distinction between custody rights and visitation rights insofar as notice and hearing on a motion to modify are concerned. V.T.C.A., Family Code § 14.08(a), (b).

The appellant is a resident of Colorado. He was served with process in Colorado.

In *Mitchim v. Mitchim*, 518 S.W.2d 362, 366 (Tex.Sup., 1975) the court said that *in personam* jurisdiction may be acquired over a non-resident defendant in a case of the nature of this one by extraterritorial personal service of process only if (1) the forum state has a statute authorizing jurisdiction over the person by that process, and if (2) there have been sufficient contacts between the defendant and the forum relevant to the cause of action to satisfy "traditional notions of fair play and substantial justice."

In our case, the service of process on the appellant in Colorado was made "by a disinterested person" and by "certified mail, return receipt requested," satisfying the requirements of both Rule 108, Vernon's Tex. Rules Civ.Proc., and V.T.C.A. Family Code,

§ 11.09(b). However, contrary to the appellee's contention, neither the rule nor the statute authorizes jurisdiction over the person of the appellant. *Roumel v. Drill Well Co.*, 270 F.2d 550, 554 (5th Cir. 1959); *Aamco Automatic Trans., Inc. v. Evans Adv. Ag., Inc.*, 450 S.W.2d 769, 771 (Tex.Civ.App.—Hou. 14th, 1970, writ ref., n.r.e.) In fact, at the time the appellant was served, in June, 1975, Texas did not have a longarm statute applicable to cases like this, although there is one now. See V.T.C.A. Family Code, § 11.051, eff. September 1, 1975.

The appellant's plea to the jurisdiction should have been sustained.

The appellant argues that because the court lacked jurisdiction over him, the judgment rendered on the merits of appellee's petition must be set aside and the case should be dismissed. We disagree.

It is settled law that a Texas court may exercise jurisdiction over matters relating to custody of a child who is domiciled in the State, when called upon to act for the best interest of the child. *Goldsmith v. Salkey*, 131 Tex. 139, 112 S.W.2d 165, 168 (1938); *Peacock v. Bradshaw*, 145 Tex. 68, 194 S.W.2d 551, 556 (1946); *Wicks v. Cox*, 146 Tex. 489, 208 S.W.2d 876, 878 (1948). In the *Wicks* case, the court said (at 208 S.W.2d 878):

> The principle underlying jurisdiction of the subject matter in child custody cases is the welfare of the child, but involving also the right, and, for that matter, the duty of a State, being the relatively independent sovereign that it is, to look after the welfare of individuals within its borders, as well as the duty of such State to contribute toward the orderly administration of justice under our federal system by paying due heed to existing relationships on the part of the child or other persons concerned with other states, whether within or without the scope of the full faith and credit clause of the federal constitution.

In *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); *Estin v. Estin*, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed.

1561 (1948); *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957), and other cases, the court held it was not necessary to accord full faith and credit to child support orders where the court lacked *in personam* jurisdiction over the defendant. However, the court did not hold the orders were void for want of jurisdiction or that they could not be accorded full faith and credit.

The judgment in question is not void. Undoubtedly it will be recognized by the courts of Texas. Whether another jurisdiction such as Colorado will give it full faith and credit is not a question for our decision.

The appellant's remaining contentions question the legal and factual sufficiency of the evidence to support the findings upon which the court based its rulings regarding visitation, payment of the children's expenses to and from Colorado, and the appellant's posting bond. All are overruled.

The order overruling the special appearance is reversed, and judgment is rendered dismissing the appellant from this cause. In all other respects, the orders appealed from are affirmed.

The costs of this appeal are taxed equally against the parties.