Julia Burley **THORNLOW**, Appellant,

v.

Norman Henry **THORNLOW**, Appellee.

No. 1412.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 25, 1979.

Rehearing Denied Feb. 15, 1979.

A. C. Nelson, Brownsville, Susan R. Williams, Tex. Rural Legal Aid, Inc., Weslaco, for appellant.

E. Dale Robertson, Thomas A. Harwood, Joe Walsh & Associates, Brownsville, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from the denial of a Rule 120a, T.R.C.P., special appearance in an interstate divorce and child custody suit.

Appellant, Julia Burley Thornlow, and appellee, Norman Henry Thornlow, were married on August 22, 1970. They had three children, none of whom were born in Texas. For some period of time prior to May of 1977 the parties resided together with their children in Tucson, Arizona. Appellee separated from appellant and the children in May of 1977 after appellant told the appellee to leave. He then moved to Brownsville, Texas, and there established his domicile. Appellee apparently offered to send support money to appellant but appellant's boyfriend said that he would support appellant and the children.

Later, during Christmas of 1977, appellee visited the appellant and the children, and while there bought food, presents and necessities for the family. On February 14, 1978, appellee returned to Arizona again and made an agreement with his wife that if she would allow him to take the children to Brownsville he would return them to Tucson in two weeks. The appellee never intended to return the children because appellant was subjecting them to unsuitable living conditions and was failing to properly care for them. Whereupon appellee transported the children to Brownsville, and on February 22, 1978, he filed a petition for divorce alleging an insupportable marriage and adultery. He also requested custody of the three children. Appellant was served with process in Arizona. She had never resided in Texas.

On April 20, 1978, appellant filed a petition in Arizona for divorce and custody of the children. At the time of the trial herein, that proceeding was still pending.

The hearing on the special appearance motion and the trial were held on May 12, 1978. The appellee, the only witness called to testify, stated that the children, then ages 5, 3 and 1, continued to reside with him in Brownsville, Texas; that he had established the children's domicile in Texas; and that since he had left Tucson with the children in February, he had not heard from the appellant.

At the hearing the trial court heard only argument on appellant's special appearance

motion but received evidence on the divorce and custody suit. The court granted the divorce and appointed appellee managing conservator and appellant possessory conservator with reasonable visitation rights regarding the children. The court also found that no community property other than personal effects had been accumulated by the parties. It decreed that the personal effects should be awarded to the party having possession of such property.

Appellant brings two points of error alleging that the trial court did not have personal jurisdiction over the appellant or jurisdiction over the subject matter of the suit.

■ In contesting the court's jurisdiction under Rule 120a, T.R.C.P., the appellant had the burden of pleading and proving that she was not amenable to the process issued by the courts of Texas. *Scott v. Scott,* 554 S.W.2d 274, 277 (Tex.Civ.App.— Houston [1st Dist.] 1977, no writ); *Hoppenfeld v. Crook,* 498 S.W.2d 52 (Tex.Civ.App. —Austin 1973, writ ref'd n. r. e.).

In regard to this burden, appellant appeared at the trial only by attorney and her attorney did not present any witnesses. The appellee testified, however, and we must evaluate his evidence in connection with the appellant's burden. *Hoppenfeld v. Crook,* supra.

■ Findings of fact and conclusions of law were neither requested nor filed. Thus all questions of fact are presumed found in support of the judgment and the judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1978).

The facts and argument presented by the case at bar are closely similar to those in *Hilt v. Kirkpatrick,* 538 S.W.2d 849 (Tex. Civ.App.—Waco 1976, no writ). In *Hilt,* the parties were divorced in Colorado in 1968. The court granted custody of their two children to the wife and certain visitation rights to the husband. In 1969 the wife moved to Texas with the children and established their domicile. In 1975 the wife

sued in Texas to modify the Colorado custody decree; i. e., to further reduce the visitation rights of the father. The father who apparently still lived in Colorado filed a special appearance under Rule 120a, T.R. C.P. The trial court denied the special appearance and granted the wife's request. On appeal, however, the Court of Civil Appeals held that the special appearance should have been sustained under the principles of *May v. Anderson,* 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953) and *Mitchim v. Mitchim,* 518 S.W.2d 362 (Tex.1975). But the court went on to hold that the State's interest in children domiciled and physically present in the State gave the Texas court sufficient jurisdiction to adjudicate custody. As a result, the court sustained the special appearance, dismissed the appellant from the case and affirmed the orders of the trial court.

■ We find the facts in our case compellingly similar. Just as in *Hilt,* the appellant herein has never resided in Texas either by herself or with her husband, and none of the children were born in Texas. We too find an absence of the requisite "minimum contacts" with the State of Texas with respect to the custody of the children to satisfy traditional notions of fair play and substantial justice. Furthermore, we find no additional grounds which are contained in the Texas parent-child long-arm statute, Tex.Fam.Code Ann. § 11.051 (Supp.1978), which can confer personal jurisdiction over the out-of-state appellant. We reach this conclusion in spite of the fact that the appellant did give the children permission to come to Texas for a two-week visit. We hold this was insufficient to invoke subdivision (2) of the long-arm statute. See Sampson, Jurisdiction in Divorce and Conservatorship Suits, 8 Tex.Tech.L.Rev. 159, 200–205 (1976). The appellant's special appearance (point of error 2) should be sustained.

■ We do not agree, though, that the trial court lacked subject matter jurisdiction. It is well settled that a Texas court may assert jurisdiction over the custody of a child who is domiciled in the state or one

who is physically present in the state. *Ex Parte Birmingham*, 150 Tex. 595, 244 S.W.2d 977 (1952); *Wicks v. Cox*, 146 Tex. 489, 208 S.W.2d 876 (1948); *Davis v. Spraggins*, 449 S.W.2d 80 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.). In this connection, and similar to the *Hilt* determination, we find two bases which justify the court's exercising jurisdiction in the instant case.

■ First, the evidence supports the trial court's implied finding that the children herein were domiciled in Texas with the appellee at the time the suit was instituted; that Texas had a real interest in the children's welfare; and that this alone conferred subject matter jurisdiction upon the court. *Peacock v. Bradshaw*, 145 Tex. 68, 194 S.W.2d 551, 556 (1946); *Hilt v. Kirkpatrick*, supra. This determination is based upon the testimony that the parties were not divorced and no divorce suit had been filed at the time appellee brought the children to Texas. Accordingly, appellee's right to custody of the children was equal to that of the appellant. *Minjarez v. Minjarez*, 495 S.W.2d 630 (Tex.Civ.App.—Amarillo 1973, no writ), Tex.Fam.Code Ann. § 12.04 (1975). As a rightful custodian, he was entitled to transport the children to Texas and to establish their domicile in this State. *Everson v. Boydston*, 377 S.W.2d 117 (Tex.Civ.App.—El Paso 1964, no writ). See also Tex.Fam.Code Ann. § 11.04 (1975). Moreover, appellant introduced no evidence which would indicate that the children were not domiciled in Texas or that Texas did not have a justifiable interest in the children's welfare. Compare *Everson v. Boydston*, supra at 119.

■ Second, even if the children were not domiciled in Texas, the children's physical presence before the court would justify the court's subject matter jurisdiction. This concept also incorporates the broad consideration of the welfare of children and the duty of the state to look after the welfare of the individuals within its borders. In this regard, the children's best interest is the primary issue. *Wicks v. Cox*, supra 208 S.W.2d at 878; *Worden v. Worden*, 148 Tex. 356, 224 S.W.2d 187, 190 (1949); *Everson v. Boydston*, supra. The state in which the child is a resident should exercise jurisdiction if it is in a more or less equally good position as compared to the domiciliary state to determine the child's best interest and doing so will not prejudice good order or social welfare. *Wicks v. Cox*, supra 208 S.W.2d at 878.

■ It is evident from the facts herein that Texas would be justified in invoking its custody jurisdiction for the protection and welfare of the children. It is undisputed that in Tucson the children were living in poor conditions and were not being cared for. We hold these facts sufficient to invoke the trial court's jurisdiction to insure the welfare of the children. As far as the relative capability of Texas' courts to decide the children's best interests is concerned there is no evidence that Arizona would be a better forum for this determination than Texas. The only evidence of the length of the children's stay in Arizona is contained in the appellee's pleading. It states only that the youngest child was born in Arizona in March of 1977. Consequently, the children lived in Arizona possibly less than a year, and Arizona might have evidence concerning appellee's fitness as a father for a period of only two to three months. At the time the appellee filed this suit, he had lived in Brownsville over six months. Furthermore, Texas is better able to evaluate the character and resources of the appellee as well as other local circumstances bearing on the kind of life the children might lead if custody were awarded to the appellee. Compare *Wicks v. Cox*, supra. Thus, we find Texas is in at least as good a position as Arizona to determine the children's best interests.

Additionally, we find no serious prejudice to good order in the Texas court's taking jurisdiction. While we do not condone the use of deception to gain possession of children, the appellee retained an equal right to custody of the children at the time he brought them to Texas. The father's ruse should not be charged to the detriment of the children, but the Texas court should take jurisdiction to promote the children's

welfare. Compare *Wicks v. Cox*, supra 208 S.W.2d at 879–880; *Dunn v. Tiernan*, 284 S.W.2d 754, 758 (Tex.Civ.App.—El Paso 1955, writ ref'd n. r. e.); *White v. White*, 77 N.H. 26, 86 A. 353 (1913) (cited with approval in *Wicks v. Cox*, supra 208 S.W.2d at 878). Accordingly, we find the trial court possessed jurisdiction to determine the children's custody.

Appellant, however, cites several cases, one of which is *Bevan v. Bevan*, 283 S.W.2d 305 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.), for the proposition that Arizona should be chosen as a better forum to determine custody. We do not agree. These cases are distinguishable, in that they involved situations in which suits involving the custody of the children were pending in foreign courts when the Texas suits were initiated for custody of the children. The rationale underlying *Bevan* and the other cases was that it would encourage disorderly processes to accept jurisdiction when another court has active jurisdiction. No other court had custody jurisdiction when this suit was filed. Therefore, appellant's cases do not control.

 Appellant also contends the trial court did not have jurisdiction to grant the parties a divorce. We disagree again. The evidence supports the court's implied finding that the appellee was domiciled in Texas, and even though the spouses were domiciled in different states the Texas court, where suit was filed, had jurisdiction to alter the status of their marriage relationship without "in personam" jurisdiction of the absent spouse. *Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Williams v. North Carolina*, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942); *Dosamantes v. Dosamantes*, 500 S.W.2d 233 (Tex.Civ.App.—Texarkana 1973, writ dism'd), see also *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex.1975). In addition, the Texas court possessed jurisdiction to divide the property located in Texas. *Fox v. Fox*, 559 S.W.2d 407 (Tex.Civ.App.—Austin 1977, no writ). We find no evidence that any of the property awarded to the appellee was outside Texas at the time of the divorce and thus we find no reversible error in the trial court's division of the property.

Accordingly, appellant's point one challenging the subject matter jurisdiction of the suit is overruled. Appellant's point two contesting the personal jurisdiction over the appellant is sustained and the order overruling the special appearance is reversed, and judgment is here rendered dismissing the appellant from this cause. In all other respects the judgment of the trial court is affirmed.