**Theodore SHANBAUM, Appellant,**

v.

**Margaret JANSSEN, Appellee.**

**No. 19934.**

Court of Civil Appeals of Texas, Dallas.

May 21, 1979.

Edwin B. Comstock, Dallas, for appellant.

Wm. Chris Wolffarth, Erhard, Cox & Ruebel, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This appeal is from a summary judgment granted on the basis of a foreign default judgment. Appellant contends there is a lack of jurisdiction apparent on the face of the summary judgment record. We agree and reverse and remand the judgment.

Janssen, a resident of the Virgin Islands, sued Shanbaum, a resident of Dallas County, Texas, in a municipal court of the Virgin Islands for an alleged debt for wages, overtime, attorney's fee and costs. Service of summons and complaint was attempted by registered mail. Shanbaum failed to answer and did not appear in person or by attorney. Default judgment was rendered and Janssen brought suit in the district court of Dallas County to enforce that judgment. Both sides moved for summary judgment essentially on the face of Janssen's summary judgment proof, but the record does not show that appellant's motion was brought to the trial court's attention.

Shanbaum's principal contention in the district court and on appeal is a total failure by Janssen to invoke the jurisdiction of the Virgin Islands court over him for want of strict compliance with that court's order, pursuant to Virgin Islands law, authorizing service of summons and complaint by registered mail in this case. The order provides: "ORDERED that service of the Summons and complaint on the Defendants in the above-captioned action shall be made by Plaintiff's attorney by registered mail return receipt signed by the addressee or other evidence of personal delivery to addressee requested." The summary judgment proof filed by Janssen in the district court affirmatively shows that her Virgin Islands attorney did not restrict or even request the delivery of this registered mail to Shanbaum only, failed to obtain her personal signature on the return receipt and failed to tender any other evidence of actual personal delivery thereof to him. A photocopy of the return receipt in the record shows it was not checked in any space provided sender for any specific mode of delivery and bears only an unidentified signature which does not spell appellant's name.

When a foreign judgment is authenticated and appears to be a record of a court of general jurisdiction, the court's jurisdiction is presumed unless disproved by extrinsic evidence or the record. *A & S Distributing Co. v. Providence Pile Fabric Corp.*, 563 S.W.2d 281, 283 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.). We hold that the record in this case, which shows that process was not properly served, disproves the presumed jurisdiction of the Virgin Islands' court.

Appellee argues that appellant fails to show lack of service in the Virgin Islands suit because appellant did not state under oath that he did not personally receive the papers. We hold that appellant did not have this burden. If a defendant is not served in the manner required by law, even if he had actual notice of the suit, the court does not have jurisdiction. *Sidran v. Tanenbaum*, 391 S.W.2d 93, 95 (Tex.Civ. App.—Dallas 1965, no writ).

Reversed and remanded.