**Ronald Gordon WALDRON, Appellant,**

v.

**Donna Lee WALDRON, Appellee.**

No. 9329.

Court of Civil Appeals of Texas, Amarillo.

April 10, 1981.

Arthur J. Lamb, Amarillo, for appellant.

Miner & Hill, Hal Miner, Amarillo, for appellee.

COUNTISS, Justice.

This default judgment divorce case is before us on petition for writ of error perfected in accordance with Tex.Rev.Civ.Stat. Ann. art. 2249, et seq. (Vernon 1971) and Tex.R.Civ.P. 359–363.[1] Petitioner Ronald Gordon Waldron (hereafter "Ronald") alleges and Respondent Donna Lee Waldron (hereafter "Donna") judicially admits reversible error. The questions before us are whether (1) a partial, or total, reversal is required and (2) that which is reversed should be rendered or remanded. We reverse the entire judgment and remand the case.

Donna filed suit for divorce in Potter County. She alleged her residence as Amarillo, Potter County, Texas, and Ronald's as Amarillo, Texas. Service of citation was obtained on Ronald in the state of Florida. The Florida sheriff's return on the citation did not comply with Rule 108 because the person serving the citation did not, among other things, state under oath that he was a disinterested person competent to make oath of that fact. Ronald did not make an appearance in the divorce case prior to entry of judgment. The parties have stipulated that no evidence was introduced at the trial to prove Ronald's residence.[2] Donna obtained judgment granting the divorce and awarding her certain items of property, including "The sum of $13,-235.00 to be paid to Petitioner [Donna] by Respondent [Ronald] from community funds and property in his possession." Thereafter, she instituted an action against Ronald to enforce property rights granted her under the decree. Ronald then initiated this writ of error proceeding in the divorce case.

Ronald urges two alternative points of error. Under his first point he requests a take-nothing rendition of the portion of the judgment awarding Donna $13,235.00 and affirmance of the remainder of the judgment. Alternatively, under his second point of error, Ronald requests a reversal and remand of the entire case because he was not served in accordance with Rule 108.

Donna admits reversible error because of the defective service. By motion filed prior to submission,[3] and in her brief on the merits, she urges remand of the entire case for new trial.

The service of citation on Ronald was fatally defective because of the incomplete return. *Scucchi v. Woodruff*, 503 S.W.2d 356, 358–60 (Tex.Civ.App.—Ft. Worth 1973, no writ). That much is conceded by the parties. However, in arguing his first point, Ronald does not rely on the defective service. Instead, he contends that Donna's failure to prove his residence combined with the fact of service on him in Florida means Donna did not prove facts sufficient to invoke Texas' long-arm jurisdiction over him. Absent such evidence, says Ronald, the trial court never acquired *in personam* jurisdiction of him. Thus, it could not award Donna the sum of $13,235.00 "from community funds and property in his possession" because that award is a money judgment to be paid from personal property in his possession outside Texas. Yet, because the court did have jurisdiction of the cause of action, Ronald argues, the remainder of the judgment should be affirmed.

■ In order to resolve the issue, an analysis of the nature of the trial court's

---

1. All references to Rules are to the Texas Rules of Civil Procedure.

2. Other than stipulations, no evidential record was brought forward on appeal.

3. Donna's motion requested remand without the necessity for briefs and oral argument. Ronald, in response to the motion, agreed that reversal is required but did not agree to a remand. We do not find authority in the rules to reverse and remand on motion, without

briefs and oral argument, except as specified in Rules 387 and 387a. *See Corpening v. Corpening*, 615 S.W.2d 186, 24 Tex.Sup.Ct.J. 323 (1981). Because the motion is not in compliance with those rules, it is denied. Of course, the practical effect of this opinion is to give Donna the same relief requested in the motion. We do so, however, only after a regular submission and full consideration of the merits.

jurisdictional power is necessary. The district court in which this case originated had the jurisdictional power to try all issues in the case. Tex.Const. art. 5, § 8; Tex.Rev. Civ.Stat.Ann. art. 1906 (Vernon 1964). That jurisdictional power, however, is dormant potential jurisdiction until it is awakened in the proper manner. "Jurisdiction of a court must be legally invoked; and when not legally invoked, the power to act is as absent as if it did not exist." *State v. Olsen*, 360 S.W.2d 398, 400 (Tex.1962). In order to invoke the court's jurisdiction various procedural steps must be taken. *See* 1 R. McDonald, Texas Civil Practice, § 1.04 (rev.1965). Pertinent to this case is the requirement that persons or property over which the court has potential jurisdiction be brought before the court by service of process that (1) is consistent with due process and (2) follows, with reasonable strictness, the procedure designed by the state for notification of the pending action. *Colson v. Thunderbird Bldg. Materials*, 589 S.W.2d 836, 839–40 (Tex.Civ.App.—Amarillo 1979, writ ref'd n. r. e.); 1 R. McDonald, *supra* § 1.04. Until the court's potential jurisdiction is activated, the court is not authorized to exercise its jurisdictional power.

■ The effect of an unauthorized exercise of jurisdictional power varies, depending on its demonstrability and the manner in which the judgment is attacked. If a court having potential jurisdiction renders a judgment when the potential jurisdiction has not been activated, and the defect is apparent from the face of the judgment, then the judgment is void and subject to either direct or collateral attack. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961). If, as in this case, the court having potential jurisdiction renders a judgment regular on its face that contains recitations stating that potential jurisdiction has been activated, *i. e.*, recitations of due service, then the judgment is voidable, not void, and may be set aside only by a direct attack. *Akers v. Simpson* 445 S.W.2d 957 (Tex. 1969). The latter result is because a court of potential jurisdiction has the power to determine whether its jurisdiction has been activated, and the recitations making that

determination are immune from attack in a collateral proceeding. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961). In a direct attack recitations of due service are not conclusive; the record must affirmatively show that the potential jurisdiction was properly activated. *See Whitney v. L & L Realty Corporation*, 500 S.W.2d 94, 95 (Tex.1973).

■ The appeal before us is a direct attack on the judgment of the trial court. Despite recitations of due service in the judgment, it is apparent from the record that the potential jurisdiction of the trial court to render the default judgment was never activated, because the procedure designed by the state for notification of the pending action was not followed with reasonable strictness. *Scucchi v. Woodruff*, 503 S.W.2d at 358. Therefore, "the power to act is as absent as if it did not exist," *State v. Olsen*, 360 S.W.2d at 400, and we must declare the judgment void in its entirety.

We cannot, as Ronald requests under his first point, reverse and render part of the judgment and affirm the remainder. First, the record will not support his contention that the judgment awarding Donna $13,- 235.00 is an attempt by the trial court to exercise control over personal property located outside the state of Texas. The record does not reflect the location of the $13,235.00, which the judgment characterizes as community property. The fact that Ronald was served in Florida is no more than a scintilla of evidence that the $13,- 235.00 "in his possession" is in his possession outside the state of Texas.

Second, and of greater importance, we cannot ignore a patent jurisdictional defect and approve, in part, action taken by the trial court when it had no power to act. To do so would be to permit Ronald to activate the trial court's jurisdictional power in a manner not sanctioned by statute or rule.

It is also the failure to activate the trial court's jurisdictional power that distinguishes this case from, and makes inapplicable, the cases upon which Ronald relies. In

*Fox v. Fox*, 559 S.W.2d 407 (Tex.Civ.App.—Austin 1977, no writ), and *Risch v. Risch*, 395 S.W.2d 709 (Tex.Civ.App.—Houston 1965, writ dism'd), *cert. denied*, 386 U.S. 10, 87 S.Ct. 881, 17 L.Ed.2d 703 (1967), the spouse who was the respondent in the trial court was apparently served in the manner required by the Rules, but proved an absence of minimum contacts with Texas. The courts held that the divorce, being *in rem*, could be affirmed but *in personam* relief against the respondent spouse was a nullity and that portion of the judgment in each case was reversed and rendered in the respondent spouse's favor. In those cases, however, the trial court's jurisdictional power was activated by service on the nonresident spouse that apparently was proper. Thereafter, the *in personam* jurisdiction over the respondent spouse was carved out because of the absence of minimum contacts. The *in rem* jurisdiction, however, remained viable. In our case, neither *in rem* nor *in personam* jurisdiction having been activated, there is no basis upon which we can affirm any part of the judgment. Notwithstanding a statement to the contrary in *Fox v. Fox*, 559 S.W.2d at 410, even the *in rem* aspect of a divorce cannot be ex parte.

Ronald's first point of error is overruled. His second point of error is sustained. The judgment of the trial court is reversed and the case is remanded for new trial.