Nancy J. HETH, Appellant,

v.

James B. HETH, Appellee.

No. 2–83–052–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 17, 1983.

Rehearing Denied Dec. 15, 1983.

Robert T. Stites, Fort Worth, for appellant.

Ed W. McKinney, Arlington, for appellee.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from a decree of divorce entered in favor of appellee, James Heth. Appellant, Nancy Heth, and James Heth were respondent and petitioner respectively in the proceedings below. The parties will hereinafter be referred to as James and Nancy Heth.

Nancy Heth raises three points of error all complaining of the trial court's exercise of jurisdiction over the divorce action instituted by James Heth.

For the reasons expressed herein we reverse the judgment and remand the cause to the trial court.

James and Nancy Heth were married in 1962. After residing briefly in North Carolina, the couple moved to Connecticut where they resided until July of 1981 when James Heth moved to Texas. None of the parties' four children were born in Texas nor has there been any marital co-habitation in Texas.

On March 18, 1982, James Heth filed for divorce in Tarrant County, Texas. On April 28, 1982, Nancy Heth filed for a legal separation in Connecticut, praying for custody of and support payments for the two minor children of the marriage, for alimony, and for a division of the property of the parties. On July 20, 1982, James Heth appeared pro se in the Connecticut proceedings. Subsequently, on or about September 7, 1982, James Heth attempted service of citation on Nancy Heth for the Texas divorce action. The return of this citation reflects that a copy of the petition was left at the home of Nancy Heth with one of her daughters who was over the age of eighteen. There was no motion for nor order of the Texas court authorizing the use of substituted service upon Nancy Heth.

Nancy Heth filed a special appearance and a plea to the jurisdiction in the Texas divorce action on September 30, 1982. On November 8, 1982, a hearing was held by a visiting judge who sustained the plea to the jurisdiction and ruled that the court lacked jurisdiction over the person and property of Nancy Heth.

On November 22, 1982, James Heth proceeded to trial on the Texas divorce action, having made no further attempt to personally serve Nancy Heth with process. Nancy

Heth made no appearance at these proceedings and on December 13, 1982, a divorce decree was entered awarding to James Heth as his separate property certain real and personal property located in Texas and ordering him to pay child support for the two minor children of the marriage. The decree did not adjudicate conservatorship of the minor children nor did the decree divide any marital property of the parties located outside the State of Texas.

Because our holding with respect to Nancy Heth's second point of error is dispositive of this entire appeal, we will address only the issue raised therein, to-wit: that the trial court lacked jurisdiction to enter the divorce decree due to the failure of proper service upon her.

James Heth contends that the trial court's decree was proper because the court had "in rem" jurisdiction over the marital status of the parties based on his domicile within the state. A divorce proceeding has been characterized as *quasi in rem. Butler v. Butler,* 577 S.W.2d 501, 505 (Tex.Civ.App. —Texarkana 1978, writ dism'd); *Dosamantes v. Dosamantes,* 500 S.W.2d 233, 236 (Tex.Civ.App.—Texarkana 1973, writ dism'd). This characterization, however, does not dispense with the due process requirement of adequate notice to a non-resident spouse.

The case of *Waldron v. Waldron,* 614 S.W.2d 648 (Tex.Civ.App.—Amarillo 1981, no writ) most clearly enunciates the effect of defective service of citation in a case such as the one before us. In *Waldron,* the wife filed suit for divorce in Texas and obtained service of citation on the husband in Florida. The sheriff's return on the citation failed to comply with the requirements of TEX.R.CIV.P. 108. The husband made no appearance in the divorce proceedings prior to the entry of the judgment which granted the divorce and awarded the wife certain items of property including a lump sum to be paid by the husband from community funds and property. On appeal, the husband urged the rendition of a take-nothing judgment with respect to the lump sum awarded and requested affirmance of the

remainder of the decree. Alternatively, the husband sought reversal of the entire case based on the inadequacy of the service of process upon him. The court declared the judgment of the trial court to be *void in its entirety,* stating: (Emphasis added).

> Despite recitations of due service in the judgment, it is apparent from the record that the potential jurisdiction of the trial court to render the default judgment was never activated, because the procedure designed by the state for notification of the pending action was not followed with reasonable strictness. *Waldron, supra* at 650.

The *Waldron* opinion delineates the potential jurisdictional power of the court as including both in rem and in personam jurisdiction and emphasizes that such *jurisdictional power must be legally invoked or activated by the proper procedural steps.* As in *Waldron,* the procedural step pertinent to the instant case is the service of process in a manner which is consistent with due process and follows with reasonable strictness the procedure for notification of the pending action.

Because Nancy Heth was a non-resident of Texas, TEX.R.CIV.P. 108 controlled as to the manner of service of citation upon her. Said rule authorizes service by the same methods as provided by Rule 106, one of which is to leave a copy of the citation and petition with anyone over the age of sixteen at the location specified in the movant's affidavit. *See* TEX.R.CIV.P. 106(b)(2). The rule, however, expressly requires that there be a motion for and order authorizing the use of such substituted service. TEX.R. CIV.P. 106(b). James Heth concedes that there was no such motion nor order authorizing the manner of service used in the instant case, but he argues that Nancy Heth had *actual notice* of the Texas divorce proceedings. We have been cited to no authority nor have we found any authority for the proposition that actual notice of pending proceedings is sufficient to activate the potential jurisdictional powers of a court. To the contrary, it has been held that where a defendant has not been served

in the manner required by law, the court's jurisdiction is not invoked notwithstanding actual notice of the suit on the part of the defendant. *See Shanbaum v. Janssen,* 582 S.W.2d 590, 591 (Tex.Civ.App.—Dallas 1979, no writ). Although the *Shanbaum* case did not involve divorce proceedings, we believe the proposition stated therein to be equally applicable to the proceedings in the instant case.

James Heth relies on the following cases to support his argument that jurisdiction over the resident spouse empowers the court to render a valid and binding decree with respect to the "in rem" aspects of the divorce: *Dosamantes v. Dosamantes, supra; Thornlow v. Thornlow,* 576 S.W.2d 697 (Tex. Civ.App.—Corpus Christi 1979), *cert. denied,* 445 U.S. 949, 100 S.Ct. 1596, 63 L.Ed.2d 784; *Butler v. Butler, supra; Comisky v. Comisky,* 597 S:W.2d 6 (Tex.Civ.App. —Beaumont 1980, no writ). We note that in *Comisky* and *Thornlow,* the non-resident spouse was served with process and there was no dispute as to the adequacy of the service. *Comisky, supra* at 7 and *Thornlow, supra* at 698. In the *Butler* case, the trial court specifically authorized the use of substituted service upon the non-resident spouse. *Butler, supra* at 504. In *Dosamantes,* a bill of review proceeding, there was no motion or order concerning substituted service and the court concluded that the non-resident spouse had not been properly served under Rules 106 and 108. *Dosamantes, supra* at 237. The court held that the improper service did not require reversal of the trial court's decree granting the divorce in view of the failure of the non-resident spouse to sustain his burden of proof of a meritorious defense to the original divorce action. *Dosamantes* turned on the failure of proof and is not to be read as standing for the proposition that a lack of proper service will not constitute reversible error.

The failure of James Heth to follow the procedure for notification of the pending action by moving for and obtaining an order authorizing the use of substituted service upon Nancy Heth was a failure to legally invoke the potential jurisdiction, *both in rem and in personam,* of the trial court. The court, therefore, was without power to act even with respect to the in rem aspects of the divorce and the decree must be declared void in its entirety.

Nancy Heth's second point of error is sustained.

The judgment is reversed and the cause remanded to the trial court for those proceedings still available to James Heth.