**Barbara E. IRVING, Appellant,**

v.

**Norman R. IRVING, Appellee.**

**No. 2–84–055–CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 9, 1985.

Simon, Peebles, Haskell, Gardner & Haskell and Anne Gardner, Fort Worth, Rodney R. Elkins, P.C., Dallas, for appellant.

Alley & Alley, and Richard Alley, Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

HUGHES, Justice.

Barbara E. Irving has appealed the portion of the divorce judgment of the 325th District Court of Tarrant County, granting managing conservatorship of her two children to her husband, Norman R. Irving. The basis of her appeal is that the Texas courts lack jurisdiction over this suit affecting the parent-child relationship and that the judgment is void. She further contends that a judgment of the Circuit Court of Cook County, Illinois, granting managing conservatorship to her, should be given full faith and credit by Texas courts.

We reverse the judgment and remand for a determination of reasonable attorney's fees.

In February of 1981, the appellant (wife) and appellee (husband) were living in Illinois with their two children when they separated. In March of 1981, she took the two children to her mother's home in Mississippi for medical reasons and for a temporary stay. Appellant then returned to Illinois without the children. On April 6, the appellee moved to Texas. At the beginning of the summer, the appellant decided to let the children continue to remain with their grandmother through the summer vacation because one child was still recuperating from surgery and because the children had traditionally spent their summers with their grandmother.

On August 29, 1981, appellee went from Texas to Mississippi and took the children from the maternal grandmother under the pretense that he was taking them shopping. He immediately returned to Texas with the children and, four days later, filed suit in Tarrant County for divorce and custody of the children. At that time, appellee had been residing in Texas for four months and 27 days. Seven days after the appellee filed suit in Texas, appellant filed suit in Illinois for divorce and custody.

On January 11, 1982, the Texas court granted divorce and awarded custody to appellee. The appellant did not appear or file any answers in the case. On June 9, 1982, the Illinois court granted divorce and awarded custody to appellant. On July 9, 1982, appellant filed for writ of error in this court requesting that the Illinois decree be given full faith and credit and that the Texas decree be voided. On October 28, 1982, this court reversed and remanded the Texas divorce decree on an agreed motion of the parties.

On November 8, 1982, appellant filed a petition for writ of habeas corpus in the trial court which was denied as was her motion for rehearing on her petition for writ of habeas corpus. Appellant then filed a special appearance, a motion to dismiss, a plea in bar, a plea in abatement, and respondent's original answer. On November 17, 1982, the master's recommendation that the special appearance be granted was presented to the judge. He signed it below the line "APPROVED AND IT IS SO ORDERED." The judge later said that this was not an "order" and went to trial over appellant's objections.

On December 10, 1982, appellee filed his 3rd amended petition for divorce and custody. Appellant filed a plea in abatement, a motion for continuance, and her first amended answer. On December 14, 1983, appellant filed another motion for continuance. On December 19, 1983, the motion for continuance was overruled, the special appearance was disallowed, and the court proceeded with trial.

On February 6, 1984, after a trial to the court, the judge found in the judgment that Texas had original jurisdiction of the children on September 2, 1981, when suit was commenced. He further found that the Illinois court did not have jurisdiction of the two children when suit was filed in that state on September 9, 1981, because the children were not residents of Illinois and had not lived there for over six months prior to the time suit was filed in Texas and, therefore, that the Illinois decree was not entitled to full faith and credit. The appellee was then appointed managing conservator of the children and the appellant was appointed possessory conservator with limited visitation privileges. The appellant was further ordered to pay $250.00 each month in child support.

Appellant contends in her fourth point of error that Texas does not have jurisdiction over the children because Texas was not the children's home state at the time suit was filed. We agree.

■ Prior to 1979, Texas common law allowed Texas courts to assume subject matter jurisdiction over a suit affecting the parent-child relationship if (1) Texas was the child's domicile or (2) if the child was physically present in Texas. *Ex Parte Birmingham*, 150 Tex. 595, 244 S.W.2d 977, 979 (1952); *Wicks v. Cox*, 146 Tex. 489, 208 S.W.2d 876, 878 (1948); *Thornlow v. Thornlow*, 576 S.W.2d 697, 699–700 (Tex. Civ.App.—Corpus Christi 1979, no writ), *cert. denied*, 445 U.S. 949, 100 S.Ct. 1596, 63 L.Ed.2d 784 (1980); *Davis v. Spraggins*, 449 S.W.2d 80, 82 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.). In 1979, however, the legislature overruled these cases by enacting TEX.FAM.CODE ANN. sec. 11.-045(b) (Vernon Supp.1979) which reads:

The physical presence in this state of the child or of the child and one of the contestants is alone insufficient to confer jurisdiction to the court to make a determination under this subtitle.

This language was repeated in TEX.FAM. CODE ANN. sec. 11.53(b) (Vernon Supp. 1984), which is patterned after the Uniform Child Custody Jurisdiction Act and which

was enacted to replace sec. 11.045. Therefore, appellee cannot base his assertion that Texas has jurisdiction of this case on the physical presence of the children in Texas.

Next, we must answer the question of the children's domicile. Section 11.53(a) (Vernon Supp.1984) confers jurisdiction on whichever state is the child's home state or whichever state had been the child's home state within six months prior to filing suit if the child is absent from that state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in the child's home state. The prior jurisdiction statute, sec. 11.045, was slightly broader in that it conferred jurisdiction on the state of the child's principal residence rather than the child's home state. Since sec. 11.53 became effective on September 1, 1983, before the trial began, we will apply it in deciding the question of jurisdiction. *See Texas Mexican Ry. v. Jarvis,* 80 Tex. 456, 15 S.W. 1089, 1091 (1891). Regardless of which is applied, however, Texas does not have jurisdiction of this case.

Since jurisdiction rests with the home state of the children involved, we must determine whether Illinois or Texas is their home state. Appellee claims that Texas is the home state because the children were brought here four days before suit was commenced. Appellant contends that Illinois is the home state based on the lifelong residence of the children in that state. The question raised is whether either parent, prior to the appointment of a managing conservator, is entitled to unilaterally determine the home state of the children.

TEX.FAM.CODE ANN. sec. 12.04(1) (Vernon Supp.1984) says that "the right to have physical possession of the child and to establish its legal domicile" belongs to "the parent" of the child, but the statute fails to distinguish which parent has that right absent a court order or agreement of the parties.

The only case on point is *Thornlow,* 576 S.W.2d 697. The Court of Appeals in that case ruled that the father could transport the children to Texas against the wishes of the mother, absent a valid custody award, and that Texas thereby acquired jurisdiction. *Id.* at 700. There is no authority to contradict the rule allowing the father to take physical possession of the children and to transport them out of state without a custody award or agreement. However, since the enactment of TEX.FAM.CODE ANN. secs. 11.045 (Vernon Supp.1979) and 11.53 (Vernon Supp.1984), doing so does not affect their domicile. The childrens' domicile (or home state) must still be governed by the U.C.C.J.A. as set out in the Texas Family Code.

We observe that one of the general purposes of the Uniform Child Custody Jurisdiction Act is to:

"[A]ssure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available...."

TEX.FAM.CODE ANN. sec. 11.51(a)(3) (Vernon Supp.1984).

Based on the fact that the children in controversy were brought to Texas only four days before suit was filed, we hold that they did not have a sufficient connection with Texas to make it their home state. Their physical presence here is not enough, by itself, to establish jurisdiction. TEX.FAM.CODE ANN. sec. 11.-53(b) (Vernon Supp.1984). Since the children have spent most of their lives in Illinois, prior to commencement of this suit, it is the state to which they have the closest connection and in which evidence concerning their care, protection, training and personal relationships is most readily available. During the three-year duration of this legal battle, the children have undoubtedly developed roots in Texas. However, we cannot allow the appellee to bootstrap his way into a Texas court based on relationships developed after suit was commenced.

The appellant properly raised and pre-served her objection by filing a special appearance under TEX.R.CIV.P. 120a, prior to the filing of any other plea. We hold that the trial court should have sustained appellant's objection to that court's jurisdiction.

We sustain the appellant's fourth point of error.

 The appellant's first three points of error assert that the trial court's finding that the Illinois court did not have jurisdiction was an abuse of discretion because (1) it denied appellant her constitutional right to full faith and credit for the Illinois judgment, (2) was not supported by any evidence, and (3) was against the great weight and preponderance of the evidence. We agree.

For reasons already discussed in the previous point of error, Illinois was the domicile of the children in question and, therefore, had jurisdiction to render judgment concerning custody. The children's absence from that state at the time this suit was commenced did not, by itself, deprive Illinois of jurisdiction. TEX.FAM.CODE ANN. sec. 11.53(c) (Vernon Supp.1984).

We hold that the Illinois decree was valid and should have been given full faith and credit in the courts of Texas under TEX. FAM.CODE ANN. sec. 11.63 (Vernon Supp.1984). We sustain the appellant's first, second, and third points of error.

Appellant's points of error 5 through 11 raise several issues of trial error. Since this case is being reversed for want of jurisdiction, we do not think it is necessary to decide the questions presented by those points of error.

 Appellant's points of error 12 and 13 assert that the trial court erred by refusing to award attorneys' fees and court costs to appellant and also by awarding attorneys' fees to appellee. We agree.

Texas courts have held that attorneys' fees incurred by a parent in the course of a custody suit are "necessaries" rendered for the benefit of the children. *Perkins v. Freeman*, 501 S.W.2d 424, 430 (Tex.Civ.

App.—Beaumont 1973), *rev'd on other grounds*, 518 S.W.2d 532 (Tex.1974); *Noves v. Jack*, 443 S.W.2d 89, 94 (Tex.Civ.App.—Beaumont 1969, writ ref'd n.r.e.); *Schwartz v. Jacob*, 394 S.W.2d 15, 21 (Tex. Civ.App.—Houston 1965, writ ref'd n.r.e.). Since we have held that Texas does not have jurisdiction of this case, it follows that the appellant was the party who was put to undue expense to pursue this litigation. Accordingly, we sustain points of error 12 and 13, and remand this case back to the trial court for the limited purpose of determining reasonable attorney's fees and court costs to be awarded appellant.

Reversed and remanded.