Hall v. Hall 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-257-CV

Â Â Â Â Â TOMMY HALL, JR.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â PATRICIA L. HALL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 94-00-03915-CV
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Tommy Hall, Jr. appeals from an order denying his petition for a divorce. In one point of
error he argues that the court abused its discretion in refusing to grant a default divorce. Because
Hall failed to obtain permission for substituted service of citation, we hold that the court did not
have jurisdiction to grant his divorce and that the court's order is therefore interlocutory. Thus,
we will dismiss this cause for want for jurisdiction.
Â Â Â Â Â Â Hall filed a pro se petition for divorce. Unable to locate his wife, he asked the court for
permission to serve citation by posting the citation at the courthouse. See Tex. R. Civ. P. 106;
Tex. Fam. Code Ann. Â§ 3.521(d) (Vernon 1993). Before the court ruled on the motion, he
posted the citation and subsequently moved for a default judgment when his wife failed to appear. 
See Tex. R. Civ. P. 329. The court denied his petition for divorce.
Â Â Â Â Â Â Hall's motion for substituted service was neither granted nor denied, yet he proceeded without
permission. Thus, his attempt to serve citation by posting was ineffective. See Heth v. Heth, 661
S.W.2d 303, 304-05 (Tex. App.âFort Worth 1983, writ dismissed); Grasz v. Grasz, 608 S.W.2d
356, 358 (Tex. Civ. App.âDallas 1980, no writ). Because his attempt to serve citation was
ineffective, the court did not have jurisdiction over his wife. See Wilson v. Dunn, 800 S.W.2d
833, 836-37 (Tex. 1990). Thus, the court could not have granted his divorce. 
Â Â Â Â Â Â However, neither could the court deny his divorce, absent some other authority. Thus, the
court's ruling, while purporting to deny his petition, was actually a denial of his motion for a
default judgment. As such, the court's ruling is interlocutory because the order does not dispose
of the case but leaves it for further action by the court. See Speer v. Stover, 711 S.W.2d 730, 734
(Tex. App.âSan Antonio 1986, no writ). Except where authorized by statute, we do not have
jurisdiction over appeals from interlocutory orders. See New York Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 679 (Tex. 1990). The applicable statute does not make an interlocutory
order denying a motion for a default judgment appealable. See Tex. Civ. Prac. & Rem. Code
Ann. Â§ 51.014 (Vernon Supp. 1995). Therefore, we must dismiss this appeal for want of
jurisdiction. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed July 19, 1995
Do not publish



or summary judgment and in refusing to apply Westland.  We
overrule CornerstoneÂs sole issue on appeal.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Davis

Affirmed

Opinion delivered and
filed October 27, 2010

[CV06]









[1] Cornerstone also conveyedÂ  property referred to
as tract #34 to Castaneda.Â  Castaneda filed suit against Cornerstone. That
cause has been severed and is not before us on appeal.Â Â