Opinion issued February 2, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00300-CV

———————————

Daniel C. Parra, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 157th District Court

Harris County, Texas



Trial Court Case No. 2010-78122

 



 

MEMORANDUM OPINION

Texas
inmate Daniel C. Parra appeals the dismissal of his pro se suit for declaratory
and injunctive relief seeking the return of personal property that the State
had seized from him in connection with his arrest and conviction on charges of
possession with intent to deliver certain illegal drugs.  Before Parra filed this suit, those funds
became the subject of a forfeiture action in which the trial court entered
judgment against Parra.  Parra contends
that the trial court in this proceeding abused its discretion in dismissing his
suit as having no arguable basis in law or fact.  Finding no error, we affirm.

Background

In early 2006, Parra was arrested
and indicted for the felony offenses of possession with intent to deliver at
least 400 grams of cocaine and delivery of more than four grams of 3, 4
methylenedioxymethamphetamine.  At the
same time, the State seized approximately $55,929 in currency and a 1988
Porsche Boxster from Parra.  The State
instituted a civil forfeiture proceeding. 
After Parra answered, the State sent him written discovery, including a
request for admissions, to his address at the Texas Department of Corrections.  When Parra did not timely respond, the State
moved to deem its request for admissions admitted and moved for judgment on the
deemed admissions.  The trial court
granted the State’s motion and signed a final judgment against Parra’s claim to
the property (the civil forfeiture judgment). 
Parra did not appeal that judgment. 
Three years later, he filed this suit.




 

Dismissal under Chapter 14

Chapter 14 of the Texas Civil
Practice and Remedies Code applies to an inmate who files a lawsuit accompanied
by an affidavit or unsworn declaration of inability to pay costs.   See Tex.
Civ. Prac. & Rem. Code Ann. § 14.002 (West 2002).  When an inmate files an unsworn declaration of
inability to pay, the trial court has broad discretion to dismiss the suit as
frivolous or malicious. Id. § 14.003(a)(2) (West 2002); Lentworth v. Trahan,
981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  

Standard of Review

To obtain reversal of a Chapter 14
dismissal, the inmate must show that the trial court’s action was arbitrary or
unreasonable in light of all the circumstances.  Thomas,
52 S.W.3d at 294.  A trial court properly
dismisses a suit brought under Chapter 14 when the inmate fails to comply with the
statute’s requirements.  Brewer v. Simental, 268 S.W.3d 763, 767
(Tex. App.—Waco 2008, no pet.) (citing Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004, 14.005 (West 2002), and Bell v. Tex. Dep’t of Crim. Justice–Inst. Div., 962 S.W.2d 156, 158
(Tex. App.—Houston [14th Dist.] 1998, pet. denied)).  

A court also may dismiss the suit
if it finds that the suit is frivolous or malicious—that is, if the claims raised in the suit have
no arguable basis in law or fact.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2) (West 2002).
 When a trial court dismisses a suit
without conducting an evidentiary hearing, we may affirm the dismissal only if
the inmate’s claims have no arguable basis in law.  Sawyer
v. Tex. Dep’t of Crim. Justice, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st
Dist.] 1998, pet. denied); Lentworth,
981 S.W.2d at 722.  We review de novo the
legal question of whether the inmate’s claims have an arguable basis in law.  Scott v.
Gallagher, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no
pet.); Sawyer, 983 S.W.2d at 311.  

Preclusive Effect of Civil Forfeiture
Judgment

Parra complains that the trial
court erred in dismissing his suit as frivolous based on res judicata.  Res judicata precludes relitigation of claims
that have been finally adjudicated on their merits or that arise out of the
same subject matter and could have been litigated in the prior action.  Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex. 1992); Smith v. Brown, P.C., 51 S.W.3d 376, 379
(Tex. App.—Houston [1st Dist.] 2001, pet. denied).  The elements of res judicata are (1) a
prior, final judgment on the merits by a court of competent jurisdiction; (2) parties
who are identical or share the same interests; and (3) a second action
based on the same claims that were raised or could have been raised in the
first action.  Smith, 51 S.W.3d at 379 (citing Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996)).

Here, both the civil forfeiture
suit and Parra’s claims in this case arise out of the State’s seizure of
certain of Parra’s personal property on or about January 1, 2006.  The civil forfeiture judgment shows that both
Parra and the State were parties in that proceeding.  Parra does not dispute these facts, but
contends that res judicata does not bar his suit because the trial court that
issued the civil forfeiture lacked competent jurisdiction over him.  He claims that he had no notice of the suit
or the judgment.  He also disputes the authenticity
of the answer to the suit filed under his name.  This challenge, however, does not provide any
arguable basis for questioning the validity of the prior judgment in this case.  

“A collateral attack is an attempt
to avoid the binding force of a judgment in a proceeding not instituted for the
purpose of correcting, modifying, or vacating the judgment, but in order to
obtain some specific relief which the judgment currently stands as a bar
against.”  Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005).  “Collateral attacks on final judgments are
generally disallowed because it is the policy of the law to give finality to
the judgments of the courts.”  Id. at 345.  For this reason, when reviewing a collateral
attack, we presume the validity of the judgment under attack.  Shackelford
v. Barton, 156 S.W.3d 604, 606 (Tex. App.—Tyler 2004, pet. denied); Toles v. Toles, 113 S.W.3d 899, 914
(Tex. App.—Dallas 2003, no pet.).  

A litigant challenging the validity
of a judgment in another court may not use extrinsic evidence to establish a
lack of jurisdiction.  Holloway v. Starnes, 840 S.W.2d 14, 18
(Tex. App.—Dallas 1992, writ denied); Huffstutlar
v. Koons, 789 S.W.2d 707, 710 (Tex. App.—Dallas 1990, orig. proceeding) (en
banc).  The jurisdictional defect must be
apparent from the face of the judgment.  Waldron v. Waldron, 614 S.W.2d 648, 650
(Tex. Civ. App.—Amarillo 1981, no writ).  If a court having potential jurisdiction
renders a judgment that is regular on its face and which contains recitations
stating that the court’s potential jurisdiction has been activated, the
judgment is voidable, not void, and may be set aside only by direct attack.  Id.  As happened here, jurisdictional recitals in
the judgment control the rest of the record so that, even though other parts of
the record may show a lack of jurisdiction, if the judgment recites the
contrary, the collateral attack fails.  Holloway, 840 S.W.2d at 18; Huffstutlar, 789 S.W.2d at 710; see Narvaez v. Maldonado, 127 S.W.3d
313, 317 (Tex. App.—Austin 2004, no pet.); Toles,
113 S.W.3d at 914.  The trial court,
therefore, properly declined to consider Parra’s written statement denying his
appearance in the civil forfeiture case in determining the applicability of res
judicata to Parra’s suit.

Parra also complains of the trial
court’s failure to address his “First Supplemental Petition for Bill of Review”
or grant his request for a hearing.  “A
bill of review is brought as a direct attack on a judgment that is no longer
appealable or subject to a motion for new trial.”  Frost
Nat’l Bank v. Fernandez, 315 S.W.3d 494, 504 (Tex. 2010) (citing King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003)).  “Because it is a
direct attack, a bill of review must be brought in the court that rendered the
original judgment, and only that court has jurisdiction over the bill.”  Id.; Solomon, Lambert, Roth
& Assocs. Inc. v. Kidd, 904 S.W.2d 896, 900 (Tex. App.—Houston [1st
Dist. 1995, no writ).  Here, the
trial court did not render the original judgment.  The trial court thus had no authority to
consider Parra’s direct attack on the civil forfeiture judgment.  Parra can raise this challenge only in the
civil forfeiture court.  

The civil forfeiture judgment
recites that “The Pro-Se Respondent, DANIEL CHAVEZ PARRA, . .
. filed his Answer to Plaintiff’s Original Notice of Seizure and Forfeiture
on April 3, 2006.”  For purposes of this
collateral attack, this recital conclusively shows that the trial court had
jurisdiction over Parra in that proceeding.[1]  The evidence conclusively satisfies the three
elements of res judicata, so no hearing was necessary.  The civil forfeiture judgment disposed of
Parra’s claims to the seized property on their merits, and Parra may not
relitigate them in this suit.  We hold
that the trial court properly concluded that no arguable legal basis existed
for challenging the validity of the civil forfeiture judgment.

Conclusion

          The
trial court did not abuse its discretion in dismissing Parra’s suit as
frivolous.  We therefore affirm the
judgment of the trial court.

 

 

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

 











[1]         The judgment’s recitation also disposes
of Parra’s contention that he was not properly served with citation.  See
Tex. R. Civ. P. 120.